IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| ADVANCED TECHNOLOGY BUILDING SOLUTIONS, LLC, et al. | PLAINTIFFS |
| v. | CAUSE NO. 3:12CV389-LG-JCG |
| CITY OF JACKSON, MISSISSIPPI, et al. | DEFENDANTS |

ORDER DENYING THE JRA DEFENDANTS'
MOTION FOR RECONSIDERATION

**BEFORE THE COURT** is the Motion for Reconsideration [162] filed by the JRA defendants.[1] The plaintiffs have filed a response in opposition to the Motion, and the JRA defendants have filed a reply. After reviewing the submissions of the parties and the applicable law, the Court finds that the Motion for Reconsideration should be denied.

BACKGROUND

A complete discussion of the facts of this case is included in this Court's Memorandum Opinion and Order [159] entered on July 31, 2014, and is incorporated herein by reference. In its Memorandum Opinion and Order, the Court dismissed all of the plaintiffs' claims, except for their First Amendment retaliation claim. The day before the pretrial conference held in this matter the JRA defendants filed the present Motion seeking reconsideration of this Court's decision to deny summary judgment as to the First Amendment retaliation claim.

---

[1] The JRA defendants are: Jackson Redevelopment Authority, Jason Brookins in his official capacity, Ronnie Crudup in his official capacity, Brian Fenelon in his official and individual capacities, and H. A. "Beau" Whittington in his official and individual capacities

## DISCUSSION

Fed. R. Civ. P. 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." "When a district court rules on an interlocutory order, it is 'free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Saqui v. Pride Cent. Amer., LLC*, 595 F.3d 206, 210 (5th Cir. 2010) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)).

### I. QUALIFIED IMMUNITY

Brian Fenelon and Beau Whittington, the two JRA defendants sued in their individual capacities, argue that they are entitled to qualified immunity, because they did not retaliate against the plaintiffs in violation of the plaintiffs' First Amendment rights and there is no evidence that their conduct was unreasonable. . These defendants did not argue that they were entitled to qualified immunity in their Motion for Summary Judgment [125].

"To determine whether an official is entitled to qualified immunity, the court asks (1) whether the plaintiff has alleged a violation of a constitutional right, and (2) whether the defendant's conduct was objectively reasonable in light of the clearly established law at the time of the incident." *Charles v. Grief*, 522 F.3d 508, 511 (5th Cir. 2008). Discrimination for engaging in protected speech is an objectively

unreasonable violation of First Amendment rights. *See id.*

> The qualified immunity defense is appropriate at the summary judgment stage when (1) a plaintiff has established that the defendant has engaged in the complained-of conduct, or (2) the court "skip[s] for the moment, over . . . still-contested matters to consider an issue that would moot their effect if proved." [*Baker v. Norman*, 651 F.2d 1107, 1124 (5th Cir. Unit A 1981)]. "If resolution of [qualified immunity] in the summary judgment proceedings turns on what the defendant actually did, rather than on whether the defendant is immunized from liability . . ., and if there are conflicting versions of his conduct, one of which would establish and the other defeat liability, then the case is inappropriate for summary judgment." [*Id.* at 1123-24]. Although summary judgment may be appropriate based on a plaintiff's inability to prove the facts essential to recovery, this "has nothing to do with the qualified immunity defense." *Id.*

*Haverda*, 723 F.3d at 599. Thus, the defendants' argument that they did not retaliate against the plaintiffs for exercising First Amendment rights is not truly a qualified immunity defense. Furthermore, the defendants' assertion that their actions were reasonable necessarily hinges on a conclusive determination that they did not retaliate against the plaintiffs. After a very thorough review of the extensive briefs and evidence produced in support of the defendants' Motions for Summary Judgment, this Court held that a genuine issue of material fact exists regarding whether these defendants retaliated against the plaintiffs for exercise of First Amendment rights. The Court sees no reason to overturn this decision. Therefore, the individual defendants are not entitled to qualified immunity.

## II. ADVERSE ACTION

The required elements of a First Amendment retaliation claim are: (1) an adverse employment decision; (2) speech that involves a matter of public concern; (3)

speech that outweighs the government's interest in promoting efficiency; and (4) a causal connection between the speech and adverse action. *Oscar Renda Contracting, Inc. v. City of Lubbock, Tex.*, 577 F.3d 264, 271 (5th Cir. 2009). In support of their Motion for Summary Judgment, the JRA defendants argued that they did not make an adverse decision, because they never actually took any conclusive action with regard to the plaintiffs' proposal for funding to renovate the Deposit Guaranty building. This Court held, "The plaintiffs first sought funding from JRA in mid-2011, but JRA has never granted or denied funding. The Court finds that this 'delay' of over three years constitutes an adverse employment action." (Mem. Opinion at 11, ECF No. 159). The JRA defendants now argue that this Court improperly attributed the entire delay to JRA in order to find the existence of an adverse employment action. Regardless of which party or entity caused the delay, the JRA defendants should not be immunized from the plaintiffs' First Amendment retaliation claim by their failure to ever take action with regard to the proposal.

### III. CAUSAL CONNECTION

The JRA defendants claim that the Court's analysis of a timeline of events presented by the plaintiffs was "deficient," because it did not list every single event related to the plaintiffs' proposal. As explained previously, the Court thoroughly reviewed all of the evidence and pleadings related to the parties Motions for Summary Judgment. The Court's discussion of the timeline of events was proper, because this Court, while reviewing the Motions for Summary Judgment, was required to view the facts in the light most favorable to the plaintiffs and to

determine the existence of facts from which a reasonable jury could find in favor of the plaintiffs. *See White v. Ascension Parish Sch. Bd.*, 343 F.3d 373, 377 (5th Cir. 2003).

A jury could review the series of events and determine that a causal connection existed between the plaintiffs' speech and the adverse action. Specifically, on December 28, 2011, the JRA and ATBS entered into a Memorandum of Understanding pursuant to which the JRA proposed to use its *best efforts* to pursue the issuance of bonds that would be used to fund the project. (Am. Compl., Ex. E at 2-3, ECF No. 48-5). In March 2012, one to two months after the plaintiffs publicly criticized the City's handling of the Convention Center Hotel proposals, the JRA defendants tabled the plaintiffs' proposal indefinitely. The fact that a jury could also view the complete series of events and determine that the defendants did not retaliate against the plaintiffs merely demonstrates that this case should be submitted to a jury for trial on the merits.

## IV. THE JRA DEFENDANTS' PROFFERED REASON(S) FOR ITS DECISIONS

"Once a plaintiff has met his burden of showing that his protected speech was a substantial or motivating factor in the defendant's adverse employment decision, a defendant may still avoid liability by showing, by a preponderance of the evidence, that it would have taken the same adverse employment action even in the absence of the protected speech." *Haverda v. Hays Cnty.*, 723 F.3d 586, 591-92 (5th Cir. 2013). For the first time, the JRA defendants argue that they acted reasonably in failing to

approve the plaintiffs' proposal, because the plaintiffs did not submit sufficient financial documentation to support their proposal.  Previously, the JRA defendants had claimed that the Mayor influenced their decision.  Regardless of the proffered reason for their decision, the defendants are not entitled to summary judgment, because they have not demonstrated that they would have taken the same adverse employment action even in the absence of the plaintiffs' speech.

The JRA defendants also argue that this Court erred when it stated, "The defendants claim in argument that they did not know about Hewitt's criticisms, but they have not produced any affidavits or deposition testimony supporting this argument." (Mem. Opinion at 14, ECF No. 159).  The defendants claim that they should not be required to produce affidavits or other testimony supporting this assertion, because the plaintiff bears the burden of proof.  However, as explained previously, once the plaintiff sets forth a prima facie case, the *defendant* must prove by a preponderance of the evidence that "it would have taken the same adverse employment action even in the absence of the protected speech."  *Haverda*, 723 F.3d 591-92.  The JRA defendants failed to meet this burden.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for Reconsideration [162] filed by the JRA defendants is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 18th day of September, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE